**THE ATKIN FIRM, LLC**
Formed in the State of New Jersey
By: John C. Atkin, Esq.
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Tel: (973) 314-8010 / Fax: (833) 693-1201
JAtkin@AtkinFirm.com
*Attorneys for Plaintiff Strike 3 Holdings, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 173.63.2.119,<br><br>       Defendant. | Case No.  2:20-cv-20176-JMV-JBC<br><br>[~~PROPOSED~~] ORDER |

**THIS MATTER** having been opened to the Court by John C. Atkin, Esq., on behalf of Plaintiff Strike 3 Holdings, LLC ("Plaintiff"), on a Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference Subject to a Protective Order [ECF No. 3]; it appearing that Defendant John Doe subscriber assigned IP address 173.63.2.119 ("Doe") has not yet been served in this matter; the Court having considered Plaintiff's written submissions in connection with the motion pursuant to Federal Rule of Civil Procedure 78, and for good cause shown,

**IT IS** on this 3rd day of February, 2021,

**ORDERED** that Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference Subject to a Protective Order [ECF No. 3] is GRANTED;

**IT IS FURTHER ORDERED** that Plaintiff may serve Doe's Internet Service Provider ("ISP") with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Doe to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint [ECF No. 1-1];

**IT IS FURTHER ORDERED** that Plaintiff shall attach a copy of this Order, along with the attached "Notice to Defendant" and "Anonymous Pro Se Defendant Information" form, to any ISP subpoena or Amended Complaint served in this matter;

**IT IS FURTHER ORDERED** that Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to Doe;

**IT IS FURTHER ORDERED** that if the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

the term "cable operator" means any person or group of persons

    (A)   who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or

(B)     who otherwise controls or is responsible for, through any
arrangement, the management and operation of such a cable
system.

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

A cable operator may disclose such [personal identifying] information
if the disclosure is . . . made pursuant to a court order authorizing such
disclosure, if the subscriber is notified of such order by the person to
whom the order is directed.

by sending a copy of this Order (and all attachments) to Doe;

**IT IS FURTHER ORDERED** that upon receipt of Plaintiff's subpoena the

ISP shall have thirty (30) days to provide Doe with a copy of this Order and

Plaintiff's subpoena.  Upon receipt of the subpoena and this Order, Doe shall have

thirty (30) days in which to file a motion to quash, move for a protective order, or

seek other applicable relief.  If Doe chooses to contest the subpoena, he/she must

notify the ISP of his/her intent so the ISP is on notice not to release personal

information to Plaintiff until the issue is resolved by the Court;

**IT IS FURTHER ORDERED** that, in the event Doe elects to (1) proceed

anonymously, (2) files a motion to quash or otherwise modify the subpoena on the

ISP, and (3) files an Anonymous Pro Se Defendant Form, the Clerk of the Court

shall not file the Anonymous Pro Se Defendant Information form on the public

docket, but shall file that information under temporary seal until otherwise ordered

by the Court.  The Clerk shall file a redacted version of the Anonymous Pro Se

Defendant Information form on the public docket, removing all information entered by Doe;

**IT IS FURTHER ORDERED** that if Doe does not contest the subpoena within thirty (30) days of receipt of the subpoena and this Order, the ISP shall provide Plaintiff with the requested information within twenty-one (21) days;

**IT IS FURTHER ORDERED** that Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint [ECF No. 1] and any Amended Complaint in this matter.

**IT IS FURTHER ORDERED** that Plaintiff shall not publicly disclose any information identifying Doe and/or any person associated with Doe or the IP address, including, but not limited to, any alleged social media evidence and any alleged BitTorrent activity, absent express permission by this Court;

**IT IS FURTHER ORDERED** that Plaintiff is prohibited from initiating, directly or indirectly, any settlement communications with Doe (or any person associated with defendant or the IP address), unless (1) that party is represented by counsel and (2) their counsel initiates settlement discussions. On request of Plaintiff or an unrepresented party, submitted to the Court at any time, settlement shall be conducted under supervision of the Court. This paragraph shall not prevent Plaintiff from responding to a request for settlement communications from a represented

party, and the parties may engage in settlement negotiations without court supervision if both are represented by counsel;

**IT IS FURTHER ORDERED** that Plaintiff shall only identify Doe, and/or any person associated with Doe or the IP address, in amended pleading(s) with an appropriate "John Doe" pseudonym.

**IT IS FURTHER ORDERED** that all documents identifying Doe and/or any person associated with Doe or the IP address, including, but not limited to, any alleged social media evidence and alleged BitTorrent activity, shall only be filed on the public docket in redacted form, with unredacted versions filed under temporary seal, pursuant to L. Civ. R. 5.3(c);

**IT IS FURTHER ORDERED** that, unless the parties agree otherwise, Plaintiff shall have primary responsibility for filing a single, consolidated motion on behalf of all the parties to permanently seal documents filed under temporary seal, pursuant to L. Civ. R. 5.3(c);

**IT IS FURTHER ORDERED** that for purposes of calculating the deadline to file a single consolidated motion on behalf of the parties to permanently seal an Amended Complaint, Civil Cover Sheet, Proof of Service, and/or Waiver of Service in this matter, such motion shall be filed within fourteen (14) days of the expiration of the defendant's deadline to answer, move, or otherwise respond to the Amended Complaint;

**IT IS FURTHER ORDERED** that if Doe (and/or any person associated with Doe or the IP address) declines, or does not respond to requests, to join in the motion to seal an Amended Complaint, Civil Cover Sheet, Proof of Service, and/or Waiver of Service in this matter by providing an affidavit, declaration, certification, or other document of the type referenced in 28 U.S.C. § 1746, based on personal knowledge, describing with particularity the factors outlined L. Civ. R. 5.3(c)(3), Plaintiff shall promptly notify the Court and request a determination of whether the documents should nevertheless be permanently sealed;

**IT IS FURTHER ORDERED** that after a defendant is served with process (or waives service of process), the parties shall meet-and-confer prior to the Rule 26(f) conference to discuss submission to the Court of (1) a proposed Discovery Confidentiality Order ("DCO") and (2) a proposed Electronically Stored Information ("ESI") Protocol, *see* L. Civ. R. 26.1(d);

**IT IS FURTHER ORDERED** that, for good cause, the Court reserves the right to amend or supplement this Order.

_____
HON. JAMES B. CLARK, III
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO DEFENDANT

1.      You are a defendant in the above-captioned case *Strike 3 Holdings,*
*LLC, v. John Doe Subscriber Assigned IP Address 173.63.2.119*, Dkt. No. 2:20-cv-
20176-JMV-JBC, a case now pending before the Honorable John Michael Vazquez,
U.S.D.J., and James B. Clark, III, U.S.M.J. of the United States District Court for
the District of New Jersey.

2.      A copy of the Court's order setting forth certain deadlines and
procedures related to this case is attached.

3.      You may hire a lawyer to represent you in this case or you may proceed
*pro se* (that is, you may represent yourself without the assistance of a lawyer).  If
you choose to proceed *pro se*, please be advised that all communications with the
Court should be directed through the Clerk of the Court.  A copy of the Court's
Procedural Guide for Pro Se Litigants is available at:  https://www.njd.uscourts.gov
/sites/njd/files/ProSeGuide.pdf.  ("Pro Se Guide").

4.      The Plaintiff in this case has filed a lawsuit claiming that you have
illegally downloaded and/or distributed movies by using an Internet Protocol address
("IP address") assigned to you by your Internet Service Provider ("ISP").

5.      The Plaintiff may not know your actual name or address, but it does
know the IP address it alleges is associated with the alleged downloading and/or
distribution of the movies.

7

6.      Although the Court has permitted Plaintiff to serve a subpoena on your ISP to ascertain your identity, this does <u>not</u> mean that Plaintiff has proven its claim against you.

7.      If you do not want your ISP to provide this information to the Plaintiff <u>and</u> you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena.  This must be done within 30 days of the date that you receive notice of the subpoena from your ISP.  This motion must be filed with the Clerk of the Court.  *See* L. Civ. R. 5.2(4); 7.1(d).  You must also serve Plaintiff's counsel with a copy of the motion.  *See* Fed. R. Civ. P. 5. The Plaintiff's counsel in this matter is registered as an Electronic Case Filing ("ECF") Filing User and, therefore, has consented to receive service of all papers via the Court's ECF System.  *See* L. Civ. R. 5.2(14)(b)(1).  You may also register to receive documents concerning this case electronically using the "Pro Se (Non Prisoner) Consent & Registration Form to Receive Documents Electronically" Form contained in the Pro Se Guide.

8.      If you move to quash the subpoena, or otherwise move to prevent your name from being turned over to the Plaintiff, you may proceed anonymously at this time.   Nevertheless, if you are representing yourself, you must complete the "Anonymous Pro Se Defendant Information" form attached to this notice and file it with the Clerk of the Court.  You should <u>not</u> provide a copy of this form to Plaintiff's

attorney or file it on the public docket.  This information is <u>solely for use by the</u> <u>Court</u> and the Court will <u>not</u> provide this information to Plaintiff's attorney unless and until it determines there is no basis to withhold it.  The Court must have this information so that it may communicate with you regarding the case.

9.      Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time.  This means that the Court and the Plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10.    The Court has entered a Protective Order in this matter that prevents Plaintiff from publicly identifying you, or any person associated with you, other than in connection with pursing its claim in this matter.  Plaintiff is further required to file all documents identifying you, or any person associated with you, under a "temporary" seal, subject to "permanent" sealing by this Court. *See* L. Civ. R. 5.3(c).

11.    Since the public has a presumptive right to access documents filed on the Court's docket, the Court must make a determination whether to permanently seal any documents filed with the Court based on a weighing of factors, specifically:

    a.  The nature of the materials or proceedings at issue;

    b.  The legitimate private and public interest which warrant the relief sought;

9

    c.  The clearly defined and serious injury that would result if the relief sought is not available;

    d.  Why a less restrictive alternative to the relief sought is not available;

    e.  Any prior order sealing the same materials in the pending action; and

    f.  The identity of any party or nonparty known to be objecting to the sealing request.

12.    Although the Court has ordered Plaintiff to be primarily responsible for preparing the motion papers to request permanent sealing of documents, this Court's local rules require the above-factors be set forth with particularity in an affidavit, declaration, certification, or other document of the type referenced in 28 U.S.C. § 1746, which must be made by a person with personal knowledge.   L. Civ. R. 5.3(c)(3).

13.    Accordingly, if you wish to defend this matter anonymously after the Plaintiff receives your identity from your ISP, you (or, if represented, your lawyer) should contact Plaintiff's counsel to assist in preparing such a document.  Plaintiff's attorney's contact information is:

       John C. Atkin, Esq.
       The Atkin Firm, LLC
       55 Madison Avenue, Suite 400
       Morristown, NJ 07960
       Tel: (973) 314-8010
       Fax: (833) 693-1201
       JAtkin@AtkinFirm.com

14.     The Court has ordered that, if you decline to contact Plaintiff's counsel or assist in the preparation of such a document, Plaintiff must promptly notify the Court and request a determination of whether any documents filed with the Court should nevertheless be permanently sealed.

15.     The Court has ordered that Plaintiff may <u>not</u> initiate any settlement negotiations with you.  If you are represented by counsel and you wish to discuss settlement of this matter, your attorney may initiate settlement negotiations with Plaintiff.  If you are not represented by counsel and wish to discuss settlement of this matter, the parties may discuss settlement only under the supervision of the Court.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

STRIKE 3 HOLDINGS, LLC,

           Plaintiff,

    v.

JOHN DOE subscriber assigned IP address 173.63.2.119,

           Defendant.

Case No.  2:20-cv-20176-JMV-JBC

### Anonymous Pro Se Defendant Information

**Name:** _____

**Address:** _____

_____

**Phone:** _____

**Email:** _____

**Signature:** _____

**Dated:** _____

12